NYCTL 2017-A Trust v Heirs-at-Law of John Ghiselli (2023 NY Slip Op 01845)

NYCTL 2017-A Trust v Heirs-at-Law of John Ghiselli

2023 NY Slip Op 01845

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 23415/18E Appeal No. 17665 Case No. 2022-01720 

[*1]NYCTL 2017-A Trust et al., Plaintiffs-Appellants,
v
The Heirs-at-Law of John Ghiselli, Deceased, et al., Defendants, Rita Franco, Also Known as Rita Ghiselli, Defendant-Respondent.

Phillips Lytle LLP, Rochester (Tara Ward of counsel), for appellants.
Weil & Kestenbaum, Bayside (Alan Kestenbaum of counsel), for respondent.

Order, Supreme Court, Bronx County (Adrian N. Armstrong, J.), entered March 2, 2022, which denied plaintiffs' motion for a default judgment and an order of reference and dismissed the action, unanimously affirmed, without costs.
Plaintiffs commenced this action to recover tax liens against a residential property owned solely by defendant Rita Franco, also known as Rita Ghiselli. Although Franco was not named as a defendant in the original complaint, she was served with a copy of the complaint in December 2018 after her counsel had informed plaintiffs that she was the owner and occupier of the premises, which she had inherited from her father, John Ghiselli, who died in 1984. The caption of the original complaint put all Ghiselli's heirs-at-law on notice that any interest they may have in the property could be affected by this action. In September 2019, plaintiffs served Franco with an amended complaint. In October 2019, Franco served answers to the original complaint and amended complaint, but plaintiffs' counsel formally rejected them as untimely because, as Franco does not dispute, her answers were served more than 20 days after she had been served with the amended complaint (see CPLR 320[a]). Plaintiffs did not move for a default judgment against Franco until November 3, 2021. Supreme Court denied the motion and dismissed the action pursuant to CPLR 3215(c), based on the view that plaintiffs' time in which to move for default (taking account of tolls and stays imposed in response to the COVID-19 pandemic) should be measured from the time of Franco's default in responding to the original complaint.[FN1] We now affirm, but for a different reason.
Contrary to the view of the motion court, under the circumstances of this case, plaintiffs' time in which to seek a default judgment is measured from Franco's default in responding to the amended complaint, which was served in September 2019, less than a year after the service of the original complaint in December 2018 (cf. MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 529 [1st Dept 2021], lv denied 37 NY3d 908 [2021] ["Because plaintiff did not move for a default judgment until well after one year after (the defendant's) default in responding to the original complaint, . . . dismissal was appropriate under CPLR 3215(c)"]). Unlike in MTGLQ, plaintiffs' service of the amended complaint in this case, several months before the expiration of their time in which to move for a default based on Franco's failure to respond to the original complaint, could not have been an attempt to "cure a failure to timely move for a default in responding to the original complaint" (id.), since no such failure existed when the amended complaint was served. Accordingly, the service of the amended complaint, which pleading superseded the original complaint and became the only complaint in the case (see Hummingbird Assoc. v Dix Auto Serv., 273 AD2d 58, 58 [1st Dept 2000], lv denied 95 NY2d 764 [2000]; Hoppenfeld v Hoppenfeld, 220 AD2d 302[*2], 303 [1st Dept 1995]), restarted the clock on plaintiffs' one-year period in which to move for a default judgment.
However, when plaintiffs' time in which to move for entry of judgment is measured from Franco's default in responding to the amended complaint, and even taking into account the pandemic-related stays and tolling that affected litigation during this period, plaintiffs' motion was still untimely. The proceedings in this action were stayed, and time limitations tolled, by a series of executive orders in effect from March 20, 2020, through November 3, 2020 (see Executive Order No. 202.67 [Oct. 4, 2020] [extending through November 3, 2020, the previously imposed toll of "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state"]; Executive Order No. 202.72 [Nov. 3, 2020] [directing that the aforesaid toll "is hereby no longer in effect as of November 4, 2020"]). Accordingly, plaintiffs are charged with the approximately five months that passed from Franco's October 2019 default to the inception of the pandemic measures in March 2020, and with the 12 months that passed from November 4, 2020, to November 3, 2021, when the motion for entry of judgment was finally made. This amounts to a total of at least 17 months, substantially exceeding the one-year period plaintiffs were afforded by CPLR 3215(c) in which to seek entry of a default judgment.[FN2]
We have considered and rejected plaintiffs' arguments that, notwithstanding the untimeliness of their motion, they have shown sufficient cause why the complaint should not be dismissed. In particular, plaintiffs are not entitled to benefit from a so-called "self-imposed stay" on their own conduct of this litigation after the legally imposed stay terminated. Nor is there any basis for plaintiffs' apparent position that they were excused from moving for entry of judgment against Franco, based on her default, until the other defendants in the action had also defaulted. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 6, 2023

Footnotes

Footnote 1: In pertinent part, CPLR 3215(c) provides: "Default not entered within one year. If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed."

Footnote 2: Contrary to plaintiffs' position that the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (L 2020, ch 381) (the 2020 Act) and administrative orders issued pursuant thereto extended the stay of this action through February 27, 2021, the 2020 Act and the associated administrative orders did not impose an automatic stay of proceedings in tax lien foreclosure actions, such as this one. While the 2020 Act did provide for a stay through May 1, 2021 (subsequently extended through August 31, 2021, by L 2021, ch 104) of any tax lien foreclosure action in which the defendant served a hardship declaration upon the plaintiff, Franco never served a hardship declaration so as to trigger such a stay. In any event, plaintiffs' motion would still be untimely even if the CPLR 3215(c) clock did not restart until February 27, 2021, which was more than eight months before plaintiffs finally made their motion.